UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

Q.C.,

       Plaintiff,

       v.

GONG YANG SONG, Husband, and
CINDY SONG, Wife;
ZHAN HAO GUO,
KEVIN GUO, and
FUSION BUFFET, LLC,

       Defendants.

Case No. 3:21-cv-204

COMPLAINT IN CIVIL ACTION

**JURY TRIAL DEMANDED**

## INTRODUCTION

Plaintiff "Q.C.", by and through her attorney of record Jesse Chen, Esq., files this Complaint in Civil Action using her initials only as a survivor of sexual assaults, and aver as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff was an employee at a restaurant called Fusion Buffet, which, at all relevant times, was owned and/or operated by the above-captioned defendants. While employed at Fusion Buffet, Plaintiff resided in a bedroom in a house owned and/or operated by the above-captioned Defendants, which was used for the purpose of a Dormitory to house Fusion Buffet employees. After Plaintiff became employed at Fusion Buffet, Defendant Gong Yang Song engaged in a pattern of sexual harassment and sexual assault against Plaintiff. Ultimately, Defendant Gong Yang Song invaded Plaintiff's bedroom during the night, exposed his private parts, viciously restrained Plaintiff, physically violated Plaintiff and tried to rape Plaintiff, and inflicted serious mental and bodily injuries upon Plaintiff which nearly killed Plaintiff. The Husband and Wife

Defendants then provided false testimony to the police, and conspired to intimidate Plaintiff into silence. Plaintiff hereby asserts these following claims against one or more of the Defendants:

(a)     Federal civil RICO, 18 U.S.C. § 1964(c), through 18 U.S.C. §§ 1341, 1512(b)-(d) and 1513(e)-(f), 1951, and 18 Pa.C.S. § 3923; and,

(b)     Pennsylvania state common law claims for:

(i)   Assault;

(ii)  Battery;

(iii) False imprisonment;

(iv) Trespass;

(v)  Intentional infliction of emotional distress;

(vi) Negligent infliction of emotional distress;

(vii)       Negligence;

(viii)      Negligent hiring and retention;

(ix) Negligence *Per Se*;

(x)  Gross negligence and/or Recklessness;

(xi) Conversion;

(xii)       Civil conspiracy;

(xiii)      Pennsylvania Landlord-Tenant Act and Breach of the Implied Warranty of Habitability;

(xiv)      Pennsylvania Unfair Trade Practices and Consumer Protection Law; and,

(xv)       Piercing the corporate veil.

## JURISDICTION

2.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 18 U.S.C. § 1964(c) (civil RICO), and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      This court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Plaintiff is a citizen of West Virginia, while all Defendants are citizens of Pennsylvania, and the amount in controversy exceeds $75,000.

## VENUE

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because one or more Defendants reside in this district, and a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in Clearfield County, Pennsylvania, which is part of this district.

## PARTIES

5.      Plaintiff "Q.C." is an adult individual who is a citizen of West Virginia, but as a victim of sexual assault and attempted rape, will use her the address of her attorney, Jesse Chen, Esq., 322 N. Shore Dr., Bldg. 1B, Ste. 200, Pittsburgh, PA 15212, for all relevant purposes. Plaintiff was employed at Fusion Buffet from 07/2019 through 11/2019.

6.      Plaintiff is a vulnerable and unsophisticated woman. Plaintiff has only completed 4th grade in China. Plaintiff is a legal immigrant, but speaks almost no English, and earned a living by working in Chinese restaurants in the United States.

7.    Plaintiff is a married and faithful wife and mother, who regularly communicates with her husband who is back in China. Plaintiff's marriage is strong and stable.

8.    Defendants Gong Yang Song, Husband, and Cindy Song, Wife, are married adult individuals who reside together at their marital residence of 111 Olive Ave., DuBois, PA 15801, and citizens of Pennsylvania.

9.    Defendant Zhan Hao Guo is an adult individual who maintains a primary residence located at 48 Greenbriar Ave., Selinsgrove, PA 17870, and a citizen of Pennsylvania. Zhan Hao Guo owns the Dormitory in which Fusion Buffet employees are housed, which is located at 239 S. Highland St., DuBois, PA 15801.

10.    Defendant Kevin Guo is an adult individual who maintains a primary place of business located at Fusion Buffet, 1493 Bee Line Hwy., DuBois, PA, 15801, and a citizen of Pennsylvania.

11.    Defendant Fusion Buffet, LLC (hereinafter "Fusion Buffet") is a Pennsylvania LLC which maintains its primary place of business at Fusion Buffet, 1493 Bee Line Hwy., DuBois, PA 15801.

12.    Upon information and belief, Defendant Fusion Buffet is/was owned, at all relevant times, by Defendants Gong Yang Song, Cindy Song, and Kevin Guo. Defendants Gong Yang Song, Cindy Song, and Kevin Guo jointly control and controlled, and/or manage and managed, and/or were and are employed at Fusion Buffet at all relevant times.

13.    Defendants are experienced businesspersons.

## **FACTS**

### BACKGROUND

14.     Fusion Buffet is a mixed American, Chinese, and Japanese buffet restaurant, and employed both local residents, as well as a mix of legal and illegal immigrants from out-of-town.

15.     Plaintiff was hired by Defendants just a few days after Fusion Buffet's grand opening in late July, 2019. Plaintiff's job at Fusion Buffet was to initially take care of the buffet counters, including preparing and bring food out to the cold buffet bar (e.g. salads, fruit, desserts, etc.), monitoring food quality and presentation, and cleaning. Later, Plaintiff was assigned additional duties, including tending the hot buffet bar (e.g. hot/cooked foods).

16.     Defendants housed their immigrant employees in the Dormitory, in separate bedrooms located in the house. The Dormitory is decrepit, and offered only the most basic of accommodations to its residents.

17.     While the Dormitory was purchased by Defendant Zhan Hao Guo, upon information and belief, Defendants agreed to operate the Dormitory to exclusively benefit Fusion Buffet and each other by housing immigrant Fusion Buffet employees.

18.     The employee-residents of the Dormitory were largely strangers to each other. Public areas such as the kitchen, hallways, bathrooms, and basement laundry facilities, were shared.

19.     Plaintiff was assigned her own individual bedroom in the Dormitory. Defendants led Plaintiff to believe that Plaintiff's room was lockable and secure, accessible only to herself.

20.     Plaintiff did not have her own car, and like all other employees residing in the Dormitory, depended upon Defendants' van to shuttle residents in the Dormitory to and from Fusion Buffet for work every day.

21.     Plaintiff worked on a full-time basis at Fusion Buffet.

SEXUAL ASSAULTS

22.     Beginning in mid-September through November, 2019, Defendant Gong Yang Song sexually assaulted Plaintiff by regularly groping Plaintiff's breasts, touching Plaintiff's private parts, and hugging Plaintiff, all without Plaintiff's consent, and despite Plaintiff's rejection of his acts, and direct demands for him to stop. Defendant also sexually harassed Plaintiff. Defendant Gong Yang Song did not stop in spite of, and because of, Plaintiff's objections, and in fact continued his sexual assaults and harassment.

23.     During this same period of time, Defendant solicited Plaintiff through social media. Plaintiff either did not respond to, or rejected Defendant's advances.

24.     One day, approximately 1-2 weeks prior to Thanksgiving, 2019, Plaintiff was doing laundry in the basement of the Dormitory on her day off. While Plaintiff was doing her laundry, Defendant Gong Yang Song entered the Dormitory basement, snuck up to Plaintiff, and groped her. Plaintiff pushed him away and ran upstairs to her bedroom, and locked her door to escape.

25.     During the night of 11/27/2019, the night before Thanksgiving Day, Plaintiff returned uneventfully to her room in the Dormitory following work. She locked her door, pushed buckets filled with water against the door as an extra precaution, and relaxed in her room. Prior to going to bed, Plaintiff chatted with her husband, watched some Chinese shows on her phone, and peeled an apple with a paring knife, which she placed on her nightstand next to her bed. Afterwards, she went to bed and fell asleep.

26.     At about 2:00 – 3:00 AM on Thanksgiving Day, 11/28/2019, Defendant Gong Yang Song secretly went to the upstairs of the Dormitory to Plaintiff's room, unannounced and uninvited.

27.     Defendant Gong Yang Song broke into Plaintiff's room with a spare key, and snuck into Plaintiff's room as Plaintiff slept.

28.     Plaintiff then sensed something was wrong, and jolted up. She found Defendant Gong Yang Song next to her bed, and he started groping her breasts and private parts. Defendant Gong Yang Song roughly penetrated Plaintiff digitally, even as Plaintiff struggled against him.

29.     At the same time, Defendant Gong Yang Song was removing his own pants, and exposed his own private parts to Plaintiff.

30.     Plaintiff fought desperately to push Defendant Gong Yang Song away from her, but as a long-time kitchen chef and manager who handled heavy cooking equipment, he was much stronger than she was, and grabbed and held Plaintiff tightly so that she could not break free.

31.     Plaintiff became exhausted from fighting him, and feared that Defendant Gong Yang Song was about to rape her, as his private parts were exposed at this point, and he was attempting to pin Plaintiff down despite Plaintiff's protests and demands to be let go.

32.     Plaintiff panicked, grabbed the paring knife on her nightstand, and gouged her arm to try to scare Defendant Gong Yang Song away. Blood exploded from Plaintiff's arm, and Defendant Gong Yang Song finally let go of Plaintiff.

33.     As Plaintiff hemorrhaged, Defendant stood there and did nothing to help Plaintiff. Plaintiff ran to a neighboring employee's room for help, and that employee convinced Song to immediately drive Plaintiff to the local hospital, Penn Highlands in DuBois, PA, as the bleeding could not be stopped.

34.     By the time Plaintiff reached Penn Highlands, Plaintiff was light-headed and felt that she was about to faint. Because the wound was too deep, Penn Highlands could not treat Plaintiff, and instead applied pressure, hooked Plaintiff up to an IV drip, and transported Plaintiff to UPMC Altoona, an accredited Level II Trauma Center, for treatment.

35.     Plaintiff was hospitalized at UPMC Altoona as a priority trauma patient, where her wound was treated and stitched up. Plaintiff was discharged the following day, and suffered, and continues to suffer, injuries and maladies as further described below in Paragraph 61, *et. seq.*

## DEFENDANTS LIE TO THE POLICE

36.     Immediately prior to texting Plaintiff during the evening of Thanksgiving Day, 2019, as further detailed in Paragraph 39, below, Defendants Gong Yang Song and Cindy Song conspired to pre-empt any police investigation, and cover-up the vicious sexual assaults committed by Defendant Gong Yang Song.

37.     Defendants Gong Yang Song and Cindy Song presented themselves to the DuBois City Police Station at about 6:36 PM on Thanksgiving Day, 2019, and told the police that Gong Yang Song "liked [Plaintiff] very much", that he "drinks a lot", that he went to see Plaintiff during the night, and that all he remembered was Plaintiff cutting her arm with a knife, and him driving Plaintiff to the hospital.

38.     The couple further reiterated to the police that Defendant Gong Yang Song remembered nothing else, drank a lot, and forgot.

## DEFENDANTS' CONTINUED ABUSE

39.     Then, beginning at 7:57 PM of Thanksgiving Day, 2019, as families across the nation had gathered together to celebrate, Defendant Gong Yang Song texted Plaintiff as follows:

    (a)  "Sis, are you really going to report me to the police with raping you";

    (b)  "I didn't, I didn't want to, if you didn't want to I would not have";

(c) "I beg of you, don't report it to the police, OK, if you report it to the police, my whole life will be ruined";

(d) "I'm sorry, it's all my fault, didn't listen to you, and caused today's result"

(e) "I beg you to forgive me, OK? I beg you". <u>Exhibit 1</u>, Text Messages Following Sexual Assault and Attempted Rape.

40.     On 11/30/2019, Defendant Gong Yang Song texted Plaintiff as follows:

(a) "I call but you don't answer, I text but you don't respond, is the wound healing OK these past couple of days?"; and,

(b) "Respond to me, OK, sis". <u>Id</u>.

41.     On 12/12/2019, Defendant Cindy Song, with the approval and cooperation of Defendant Gong Yang Song, and having known Defendant Gong Yang Song's long-standing pattern of sexual predations and sexual assaults, texted Plaintiff as follows:

(a) [Photo of Plaintiff's hospital bills which were mailed to her];

(b) "Your hospital bills have arrived in the mail";

(c) "The bills need to be mailed to which of your new addresses";

(d) "You look at the bills – from a humanitarian perspective – I can share with you a portion of the hospital fees – but from a reasoned perspective – from the beginning I would not have this responsibility – the original reality is just that you cut and hurt yourself – you were too impetuous –made things overcomplicated";

(e) "Reply with a call or text when convenient, OK". <u>Id</u>.

42.     Plaintiff replied:

(a) "You must pay the bills.";

(b) "If not pay now, will need to pay in the future". <u>Id</u>.

43.    Defendant Cindy Song then replied:

(a)  "From the beginning – to now – I have always affirmatively contacted you – always maintained a good demeanor towards dealing with this issue – you yourself don't pick up or respond to phone calls – texts";

(b)  "And – now – if – your attitude is ruthless – I will be more ruthless than you";

(c)  "Of course – nobody wants this";

(d)  "After all, all of the bills are in your own name – it's you who got injured – it's you who hurt yourself – it has nothing to do with me – I'm just helping you decrease your burden";

(e)  "First tell me – your new address OK – I will first mail the bills over – then we will discuss issues regarding the next step – if you do not say anything – I will send the bills back to the hospital – in the end, what impact it will have on your credit in the United States – will not be the concern of anyone – after all, I am helping you resolve this matter – it is you who is evading". Id.

44.    Plaintiff replied:

(a)  "You must pay the bills in full, and must compensate me, I cannot work right now,";

(b)  "Thanks for your help,". Id.

45.    Defendant Cindy Song replied by repeating Paragraph 43(e), above. Id.

46.    Plaintiff responded by saying she could not reply because she was near death, her credit was very good, she asked a lawyer, and that if Defendant Cindy Song continued to act like this, she may go to jail. Id.

47.    Defendant Cindy Song then threatened Plaintiff's credit further as follows:

(a) "Your current credit – I do not know – I mean now – if you do not pay off these
    bills";

(b) "For your future self". <u>Id</u>.

48.    Plaintiff responded:

(a) "And, if your current attitude is ruthless, I will be more ruthless than you";

(b) "As God is my witness". <u>Id</u>.

49.    Defendant Cindy Song responded, "The ambiguous feelings between you and I for so
long – my wife has already perceived it – I didn't tell you – because right now you are too
excited – causing everyone to know – me and the old lady this and that – my wife is threatening
divorce – are you satisfied now?". <u>Id</u>.

50.    Plaintiff replied, "Your divorce has nothing to do with me, who is it from the beginning
to the end, I never said, did a single disgraceful thing, you must be that woman who is texting me
now! Who is ambiguous with your stinking man, who is rare,". <u>Id</u>.

51.    Defendant Cindy Song responded, "Absurd –being ambiguous with another person's
husband every night – and pretending to be noble. Using your phrase – God is watching". <u>Id</u>.

52.    Plaintiff replied, "I am not talking with you crazy woman, see you in court". <u>Id</u>.

53.    Defendant Cindy Song replied:

(a) "Then I will return the bills to the hospital – you have not planned to deal with this
    matter well"; and,

(b) "Asking you for the last time – your new address? I will first mail the bills over –
    then we will discuss issues regarding the next step – if you do not say anything – I
    will send the bills back to the hospital – in the end, what impact it will have on your

credit in the United States – will not be the concern of anyone – after all, I am helping

you resolve this matter – it is you who is evading". <u>Id</u>.

54.    Plaintiff replied, "You wait for the lawsuit! What do you want me to say. I am the victim,

what am I evading, do I need to evade? Wherever you mail them, the government's lawyer will

help me,". <u>Id</u>.

55.    Defendant Cindy Song replied, "It takes two to tango – I am actually the biggest victim –

I can accuse you two of adultery – don't need to pretend to be noble – we are all adults". <u>Id</u>.

56.    Plaintiff replied, "Whatever. Can you get someone with intelligence to come and speak?

Just stop, the court is fair." <u>Id</u>.

57.    Defendant Cindy Song replied, "No problem – you can't understand human speech – it's

quite normal – we have continually been affirmative in dealing with matters – helping you

decrease your burden – you are not appreciative". <u>Id</u>.

58.    Plaintiff finally responded on 12/14/2019, "Like you, an 'ignorant woman' who was

deprived of parental guidance, you are a sad person, deserving of sighs, deserving of pity, there

is not a tiny bit of repentance, not even half a smidgen of apologetic meaning, you are the kind of

woman who can only be matched with that kind of man, even arrogant and domineering,". <u>Id</u>.


<u>CHARGES</u>

59.    Defendant Gong Yang Song was eventually charged with the following 4 felonies and 3

misdemeanors:

  (a) Burglary, 18 Pa.C.S. § 3502;

  (b) Attempted Burglary, 18 Pa.C.S. § 901;

  (c) Criminal Trespass, 18 Pa.C.S. § 3503;

(d)  Aggravated Indecent Assault, 18 Pa.C.S. § 3125;

(e)  Indecent Assault/Forcible Compulsion, 18 Pa.C.S. § 3126;

(f)  Indecent Assault/Without Consent, 18 Pa.C.S. § 3126; and,

(g)  Indecent Exposure, 18 Pa.C.S. 3127. <u>Comm. v. Gong Yang Song</u>, CP-17-CR-102-
2021 (CCP Clearfield Co.).

60.    Probable cause was found for said charges, after Defendant Gong Yang Song had

subjected Plaintiff to a full preliminary hearing and cross-examination, and had a full and fair,

counseled opportunity to testify.


<u>INJURIES</u>

61.    Plaintiff suffered life-threatening hemorrhaging and serious acute trauma to her left arm.

Plaintiff suffered and/or continues to suffer serious chronic issues in her left arm, including and

not limited to hemorrhaging, pain, loss and lack of strength, throbbing, swelling, numbness,

tingling, extreme sensitivity, bruising, scarring and/or disfigurement, such that she can no longer

effectively use her left arm and hand for most tasks.

62.    Plaintiff suffered, and/or continues to suffer, additional physical injuries in the form of

extreme lightheadedness, shortness of breath, dizziness, feelings of coldness and shivering,

disability, malaise, and other serious injuries.

63.    Plaintiff suffered, and/or continues to suffer, serious mental injuries, including and not

limited to severe mental pain and strain, depression, PTSD, anguish, disgust, weakness, bad

temper, anxiety and panic attacks, lack of focus, humiliation, sleep disturbances, sleeplessness,

insecurity, feelings of helplessness, feelings of hopelessness, loss of life's pleasures, loss of

capacity of the enjoyment of life, loss of social ability and connections, inconvenience and partial inability to perform daily life tasks, and disability.

64.    Plaintiff suffered and/or continues to suffer serious property and financial injuries, including and not limited to loss of income, loss of earnings ability, hospital and other healthcare- and mental health-related charges, destruction and/or loss of personal property such as clothing and mail, and other property and financial injuries, losses, and costs which arose out of and/or relate to Defendants' acts and/or failures to act.

## CLAIMS

## COUNT 1: FEDERAL CIVIL RICO, 18 U.S.C. §§ 1962, 1964(c)

## vs. DEFENDANTS GONG YANG SONG and CINDY SONG

65.    The above paragraphs are incorporated by reference as if fully set forth herein.

66.    Defendants Gong Yang Song and Cindy Song are owners and operators of Fusion Buffet, as well as a married couple in a partnership, with both associations qualifying as an "enterprise".

67.    Defendants committed and inflicted multiple acts which injured Plaintiff's business and person as detailed above.

68.    Defendants knew of, and affirmatively enabled, their utilization of the enterprise for the conduct of a pattern of racketeering activity, through their enterprises as detailed above, in violation of 18 U.S.C. § 1962(a)-(d), which include:

(a) Violating any act or threat relating to mail fraud, in taking illegal possession of, illegally holding Plaintiff's hospital bills hostage, and illegally attempting to extort and defraud Plaintiff to prevent Plaintiff from reporting her sexual assaults to the police, and to prevent Plaintiff from making civil claims for damages, with Plaintiff's

hospital bills being sent and/or returned via the United States Postal Service, through

Frauds and Swindles (Mail Fraud), 18 U.S.C. § 1341;

(b) Violating any act or threat relating to witness tampering under 18 U.S.C. § 1512(b)-

(d), by attempting to intimidate, threaten, corruptly persuading, and/or engaging in

misleading conduct towards Plaintiff, by escalating, and enabling the escalation of,

sexual harassment and assaults against Plaintiff, attempting to hold Plaintiff's hospital

bills, her credit, and her financial welfare hostage, to prevent Plaintiff from testifying

and to withhold testimony, to act as a witness against Defendant Gong Yang Song's

then-pending criminal case, and to be absent from such case; by corruptly concealing

Plaintiff's hospital bills in an attempt to forestall their use in an official proceeding;

and, by attempting to intentionally harassing Plaintiff in order to hinder, delay, and/or

prevent Plaintiff from reporting her sexual assaults to federal and state law

enforcement, causing a criminal prosecution to be sought, and attending or testifying

in an official proceeding;

(c) Violating any act or threat relating to witness retaliation under 18 U.S.C. § 1513(e),

by conspiring to, as well as actually acting knowingly, with intent to retaliate, in

taking action harmful to Plaintiff's employment at Fusion Buffet and/or livelihood by

attempting to rape her, as a depraved attempt to control Plaintiff from seeking federal

and state law enforcement aid, after Plaintiff had rejected Defendant's prior groping

and other sexual harassment and assaults, and, furthermore, depriving Plaintiff of her

hospital bills to prevent Plaintiff from seeking federal and state law enforcement aid;

(d) Violating any act or threat relating to obstruction of commerce by threats or violence

under 18 U.S.C. § 1951, in preventing Plaintiff from supplying her services for

interstate commerce through Fusion Buffet, which is strategically located near Exit

101 on Interstate 80 to attract interstate customers; in preventing Plaintiff from

continuing to work, earn money, and pay federal taxes in an employment

environment free of rape, sexual assault, and sexual harassment; and, in the

extortionate acts relating to Plaintiff's hospital bills as stated above, after Plaintiff had

become a citizen of West Virginia; and,

(e) Violating any act or threat relating to the extortion of Plaintiff under Pennsylvania

law, by escalating, and in the enabling of escalation, of sexual harassment and

assaults against Plaintiff, and in withholding Plaintiff's hospital bills, so as to threaten

her from going to the police, and to prevent Plaintiff from seeking legal redress and

compensation, through Theft by Extortion, 18 Pa.C.S. § 3923(a)(1), (7).

69.    Defendants derive, and continue to derive, income from both their ownership of Fusion

Buffet, and their marriage-partnership enterprises.

70.    Defendants' actions were conspiratorial, coordinated, knowing, intentional, malicious,

and predatory, designed to permit Defendant Gong Yang Song to sexually prey upon vulnerable

female employees, and to cover up these predatory and illegal acts, mislead and hinder official

investigation and prosecution of these acts, and intimidate victims such as Plaintiff into silence.

71.    Defendants are therefore civilly liable under 18 U.S.C. § 1964(c).

WHEREFORE, Plaintiff demands that Defendants Gong Yang Song and Cindy Song, as

husband and wife, and jointly and severally, be held responsible and liable to Plaintiff for actual

damages for an amount in excess of $75,000, treble damages, reasonable attorney's fees and

costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 2: ASSAULT vs. DEFENDANT GONG YANG SONG

72.     The above paragraphs are incorporated by reference as if fully set forth herein.

73.     Defendant Gong Yang Song acted to touch, grope, grab, hold, hug, pin down, and penetrate, expressly against Plaintiff's rejections and resistance, and with the intent to cause such harmful and offensive contact with Plaintiff on multiple occasions from September through November, 2019.

74.     Defendant Gong Yang Song's acts placed Plaintiff in immediate apprehension of such contact.

75.     Defendant Gong Yang Song's actions were outrageous, evil, recklessly indifferent to Plaintiff's basic rights and dignity as a woman, a wife, a mother, and a human being, and caused Plaintiff severe harm.

76.     Defendant Gong Yang Song is therefore liable for assault.

WHEREFORE, Plaintiff demands that Defendants Gong Yang Song be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 3: BATTERY vs. DEFENDANT GONG YANG SONG

77.     The above paragraphs are incorporated by reference as if fully set forth herein.

78.     Defendant Gong Yang Song's above-mentioned acts did result in harmful and offensive contact with Plaintiff.

79.     Defendant Gong Yang Song's actions were outrageous, evil, recklessly indifferent to Plaintiff's basic rights and dignity as a woman, a wife, a mother, and a human being, and caused Plaintiff severe harm.

80.     Defendant Gong Yang Song is therefore liable for battery.

WHEREFORE, Plaintiff demands that Defendant Gong Yang Song be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 4: FALSE IMPRISONMENT vs. DEFENDANT GONG YANG SONG

81.     The above paragraphs are incorporated by reference as if fully set forth herein.

82.     By hugging, pinning, and holding Plaintiff in her bedroom in an attempt to rape her on Thanksgiving Day, 2019, Defendant illegally detained Plaintiff despite Plaintiff's rejection, struggles, and attempts to break free.

83.     Defendant Gong Yang Song's actions were outrageous, evil, recklessly indifferent to Plaintiff's basic rights and dignity as a woman, a wife, a mother, and a human being, and caused Plaintiff severe harm.

84.     Defendant Gong Yang Song is therefore liable for false imprisonment.

WHEREFORE, Plaintiff demands that Defendant Gong Yang Song be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 5: TRESPASS vs. DEFENDANT GONG YANG SONG

85.     The above paragraphs are incorporated by reference as if fully set forth herein.

86.     Defendant Gong Yang Song had no privilege to clandestinely intrude into Plaintiff's locked room, at night, while Plaintiff was sleeping, without Plaintiff's consent.

87.     Defendant Gong Yang Song had no privilege to clandestinely approach Plaintiff in the basement of the employee Dormitory to non-consensually grope Plaintiff.

88.     These intrusions were committed willfully, intentionally, and maliciously in order to sexually assault and rape Plaintiff.

89.     Plaintiff had full and lawful possession of the basement laundry room, as well as her own bedroom, at the time of Defendant Gong Yang Song's intrusion.

90.     Defendant Gong Yang Song's actions were outrageous, evil, recklessly indifferent to Plaintiff's basic rights and dignity as a woman, a wife, a mother, and a human being, and caused Plaintiff severe harm.

91.     Defendant Gong Yang Song is therefore liable for trespass.

WHEREFORE, Plaintiff demands that Defendant Gong Yang Song be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## vs. DEFENDANTS GONG YANG SONG and CINDY SONG

92.     The above paragraphs are incorporated by reference as if fully set forth herein.

93.     Defendant Gong Yang Song's acts against Plaintiff in sexually harassing, attacking, restraining, penetrating, and further victimizing Plaintiff after his crimes were designed to inflict maximum emotional distress against Plaintiff, by seeking to weaken Plaintiff's resistance to his evil acts, and are outrageous, extreme, atrocious, and intolerable in any civilized community.

94.     Despite knowing her husband Defendant Gong Yang Song's sexually deviant and violent nature and actions, Defendant Cindy Song acted to shield her husband, Defendant Gong Yang Song, from criminal investigation, and to further victimize Plaintiff by threatening to destroy Plaintiff's credit if she would not acquiesce to silence, were all specifically designed to inflict maximum emotional distress against Plaintiff. These threats and gaslighting are outrageous, extreme, atrocious, and intolerable in any civilized community.

95.     These acts were committed willfully, intentionally, and maliciously.

96.     Defendants Gong Yang Song's and Cindy Song's actions were outrageous, evil, recklessly indifferent to Plaintiff's basic rights and dignity as a woman, a wife, a mother, and a human being, and caused Plaintiff severe emotional trauma.

97.     Defendants Gong Yang Song and Cindy Song are therefore liable for the intentional infliction of emotional distress upon Plaintiff.

        WHEREFORE, Plaintiff demands that Defendants Gong Yang Song and Cindy Song, as husband and wife, and jointly and severally, be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 7: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## vs. DEFENDANTS GONG YANG SONG and CINDY SONG

98.    The above paragraphs are incorporated by reference as if fully set forth herein.

99.    Defendants Gong Yang Song and Cindy Song had a duty to their employee, Plaintiff, in ensuring her safety and well-being, while Plaintiff was residing in the Dormitory under their protection, management, and control.

100.    Defendant Gong Yang Song's aforesaid actions also caused severe physical injury upon Plaintiff.

101.    Defendants knew or should have known of both the actual, and the unreasonable risk created, by Defendants' acts and failures to act in restraining Defendant Gong Yang Song and/or taking affirmative steps to protect Plaintiff from sexual predation.

102.    Defendants Gong Yang Song's and Cindy Song's actions were outrageous, evil, recklessly indifferent to Plaintiff's basic rights and dignity as a woman, a wife, a mother, and a human being, and caused Plaintiff severe emotional trauma.

103.    Defendants Gong Yang Song and Cindy Song are therefore liable for the negligent infliction of emotional distress upon Plaintiff.

WHEREFORE, Plaintiff demands that Defendants Gong Yang Song and Cindy Song, as husband and wife, and jointly and severally, be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 8: NEGLIGENCE

## vs. ALL DEFENDANTS

104.    The above paragraphs are incorporated by reference as if fully set forth herein.

105.    All Defendants had duties to Plaintiff, based upon Plaintiff's status as an employee, a resident of their employees' Dormitory, and as a human being.

106.    All defendants have the duties of ensuring Plaintiff's safety and well-being, of restraining their own or their co-owners' and co-managers' deviate and violent sexual predations, of ensuring a harassment- and assault-free workplace, of respecting Plaintiff's status as a victim of vicious sexual assaults, and other duties owed to Plaintiff.

107.    Defendant Gong Yang Song's, Cindy Song's, and Fusion Buffet's aforesaid acts and failures to act intentionally, knowingly, recklessly, negligently, and maliciously breached said duties wholesale.

108.    Defendant Zhan Hao Guo negligently breached his duties, as the owner of the residential building that he knowingly and intentionally turned into the Fusion Buffet employee Dormitory.

109.    Defendant Kevin Guo negligently breached his duties, as an owner of Fusion Buffet, in permitting co-owner Defendants Gong Yang Song and Cindy Song to victimize Plaintiff as stated above, in permitting the conditions to exist in which Plaintiff became victimized, and in failing to correct these conditions in a timely manner.

110.    Plaintiff's injuries, losses, and damages were foreseeable, and a direct and proximate cause of the negligence of the above-said Defendants in several or all of the following particulars:

(a) In failing to have effective monitoring and/or surveillance systems in place, at Fusion Buffet's restaurant and the Dormitory, to ensure employees' and specifically Plaintiff's safety, security, and peace of mind;

(b) In failing to exercise reasonable care to discover dangerous and/or criminal situations at the restaurant and the Dormitory;

(c) In failing to have an effective reporting system in place to ensure employees, and specifically Plaintiff, could report sexual harassment and assaults without being ignored or retaliated against;

(d) In failing to have an effective protective system in place to ensure employees, and specifically Plaintiff, would be protected from sexual harassment and assaults;

(e) In failing to promulgate, instruct, enforce, and address a policy against sexual harassment and assaults;

(f) In failing to exercise reasonable care in discovering, investigating, and preventing sexual harassment and assaults;

(g) In failing to respond properly to Plaintiff's protests when Plaintiff was being sexually harassed and assaulted from September through November, 2019;

(h) In failing to take immediate and corrective action in response to Plaintiff's protests;

(i) In failing to promptly, truthfully, and accurately report to federal and state authorities sexual harassment, assaults, and other crimes at the restaurant and in the Dormitory;

(j) In failing to seek the aid of federal and state authorities to protect Plaintiff from sexual harassment and assaults;

(k) In failing to monitor the social media and other communication means that they have with employees, including Plaintiff, which would have alerted any reasonable employer and person to the dangers and harms inflicted upon Plaintiff;

(l) In failing to instruct, assure, permit, and encourage employees of limited sophistication and/or English language ability, including Plaintiff, to report sexual harassment and assaults;

(m) In failing to monitor, restrain, and prevent Defendant Gong Yang Song's sexually violent proclivities;

(n) In failing to effectively monitor, control, and secure unauthorized persons' access to the Dormitory, and to employees', and specifically Plaintiff's, rooms at night against intruders;

(o) In failing to warn and guard Plaintiff against Defendant Gong Yang Song's dangerous and escalating sexual predations;

(p) In permitting a workplace and residential environment to exist where employees', including Plaintiff's, physical and mental safety was threatened;

(q) In failing to warn and protect Plaintiff against the dangers of burglary and other crimes;

(r) In permitting Plaintiff to be victimized by Defendants Gong Yang Song and Cindy Song even after she was viciously sexually assaulted on Thanksgiving Day, 2019;

(s) In failing to realize that, and take adequate measures to protect, Plaintiff and other employees, because of their unsophisticated natures, limited language skills, social isolation, and near total control of their daily lives, will have less power to resist sexual harassment and assaults; and,

(t) In failing to exercise that regard and care for the rights and safety of Plaintiff required of defendants under the law.

111. Plaintiff suffered the harms as previously elaborated as a result of Defendants' negligence.

112. Defendants are therefore liable for negligence towards Plaintiff.

WHEREFORE, Plaintiff demands that Defendants Gong Yang Song and Cindy Song, individually and as husband and wife, and Zhan Hao Guo, Kevin Guo, and Fusion Buffet, jointly and severally, be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 9: NEGLIGENT HIRING AND RETENTION

## vs. ALL DEFENDANTS

113.    The above paragraphs are incorporated by reference as if fully set forth herein.

114.    Defendants Gong Yang Song and Cindy Song were employed by, and/or otherwise acting as agents in their direct management and operations capacities of Fusion Buffet at all relevant times, which were in addition to their ownership roles of Fusion Buffet, and as agents of all other Defendants and of each other.

115.    All Defendants owed aforementioned duties to Plaintiff, as owners-operators of Fusion Buffet and as the restaurant itself, and/or as well as the owner or managers of Fusion Buffet's employee Dormitory for its most vulnerable employees, to exercise reasonable care in controlling Defendants Gong Yang Song and Cindy Song.

116.    Defendants Gong Yang Song's and Cindy Song's acts and failures to act, which constitute misconduct, occurred upon premises in the possession and control of the Defendants.

117.    Defendants Gong Yang Song and Cindy Song's acts and failures to act occurred while using chattel of Fusion Buffet and/or other Defendants.

118.    Defendants knew, or should have known, that Defendants Gong Yang Song and Cindy Song were liable to misconduct themselves at Fusion Buffet and the Dormitory, individually and jointly, as sexual predator and enabler, respectively.

119.    Defendants knew, or should have known, of the necessity and opportunity for exercising such control over Defendants Gong Yang Song and Cindy Song, at Fusion Buffet and the Dormitory, ever since Plaintiff was first sexually harassed in September, 2019.

120.    As for Defendant Gong Yang Song himself, he knows first-hand of his evil nature after sexually harassing and assaulting a defenseless woman for approximately two months, culminating in a vicious attempted rape of Plaintiff, and continuing into a conspiracy with his wife to silence Plaintiff.

121.    As Defendant Gong Yang Song's wife and partner, Defendant Cindy Song works and lives with her husband every day, and knew, or should have known, of her husband's sexually predatory nature, his deviant interest in Plaintiff, yet did everything she could to protect him – up to and including lying to the police, and to further victimize Plaintiff.

122.    As the owner of record of the Dormitory, and who employed and otherwise used, among others, Defendant Gong Yang Song to operate, access, and manage the Dormitory, Defendant Zhan Hao Guo knew, or should have known, of the danger of, and actual, misconduct by Defendant Gong Yang Song on the Dormitory premises.

123.    As a co-manager of Fusion Buffet, and Defendants Gong Yang Song's and Cindy Song's partner in Fusion Buffet, Defendant Kevin Guo knew, or should have known, of the aforementioned risks.

124.    As the employer of Defendants Gong Yang Song and Cindy Song, and the entity directly owned and managed by Defendants Gong Yang Song, Cindy Song, and Kevin Guo, Fusion

Buffet knew, or should have known, of the aforementioned risks concerning its management and operations.

125.    Despite Defendants needing to know, or actually knowing of, the aforementioned risks and acts by Defendants Gong Yang Song and Cindy Song, Defendants nevertheless retained the employment, services, and agency of Defendants Gong Yang Song and Cindy Song.

126.    Plaintiff suffered the harms as previously elaborated as a result of Defendants' negligent hiring and retention of Defendants Gong Yang Song and Cindy Song.

127.    Defendants are therefore liable for negligent hiring and retention towards Plaintiff.

WHEREFORE, Plaintiff demands that Defendants Gong Yang Song and Cindy Song, individually and as husband and wife, and Zhan Hao Guo, Kevin Guo, and Fusion Buffet, jointly and severally, be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 10: NEGLIGENCE *PER SE* vs. DEFENDANT GONG YANG SONG

128.    The above paragraphs are incorporated by reference as if fully set forth herein.

129.    Defendant Gong Yang Song has committed the above-mentioned crimes relating to Plaintiff.

130.    These criminal statutes are designed to protect the classes of persons in which Plaintiff belongs, namely, persons vulnerable to sexual assault, persons who reject non-consensual sexual harassment or sexual contact, persons sleeping in their own room, and persons residing in a locked room.

131.    Plaintiff was, factually and proximately, seriously injured as a result of Defendant Gong Yang Song's commission of said outrageous crimes, which constitute negligence *per se*.

132.    Defendant Gong Yang Song is therefore liable for negligence *per se* towards Plaintiff.

WHEREFORE, Plaintiff demands that Defendant Gong Yang Song be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 11: GROSS NEGLIGENCE and/or RECKLESSNESS vs. ALL DEFENDANTS

133.    The above paragraphs are incorporated by reference as if fully set forth herein.

134.    Defendants recklessly disregarded the risks and consequences involved in monitoring and controlling their agents, workplace, and employee housing; preventing sexual harassment and assault; providing a secure work and residential environment; preventing victimization of Plaintiff following her sexual assault; taking responsibility for their actions; and, other risks and consequences.

135.    Defendants also had such want of care and regard for the consequences as to justify a presumption of willfulness and wantonness in said acts and failures to act toward Plaintiff.

136.    Such acts constitute gross negligence and/or recklessness, and are outrageous and offensive to civilized society.

137.    Plaintiff was, factually and proximately, seriously injured as a result of Defendants' gross negligence and/or recklessness.

138.    Defendants are therefore liable for gross negligence and/or recklessness towards Plaintiff.

WHEREFORE, Plaintiff demands that Defendants Gong Yang Song and Cindy Song, individually and as husband and wife, and Zhan Hao Guo, Kevin Guo, and Fusion Buffet, jointly and severally, be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 12: CONVERSION vs. DEFENDANTS GONG YANG SONG and CINDY SONG

139.    The above paragraphs are incorporated by reference as if fully set forth herein.

140.    During and following the final attack by Defendant Gong Yang Song against Plaintiff, Defendant Gong Yang Song engaged in conversion of Plaintiff's personal property and property interests, including and not limited to Plaintiff's cell phone being taken by the police as evidence, Plaintiff's clothing which were ruined by her hemorrhaging and subsequent hospital treatment, Plaintiff's interest in a harassment- and assault-free workplace and residential location, and such other property interest(s) as may be proven at trial.

141.    Following the final attack by Gong Yang Song against Plaintiff, Defendants Gong Yang Song and Cindy Song further illegally deprived Plaintiff of her United States mail in the form of hospital bills and records.

142.    Defendants had no legal justification for such interference with Plaintiff's property interests, and Plaintiff did not consent to such interference with her property interests.

143.    Plaintiff was injured as a result of Defendants Gong Yang Song's and Cindy Song's conversion of Plaintiff's property interests.

144.    Defendants Gong Yang Song and Cindy Song are therefore liable for conversion of Plaintiff's property interests.

WHEREFORE, Plaintiff demands that Defendants Gong Yang Song and Cindy Song, individually and as husband and wife, be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 13: CIVIL CONSPIRACY

## vs. DEFENDANTS GONG YANG SONG and CINDY SONG

145.    The above paragraphs are incorporated by reference as if fully set forth herein.

146.    Defendants Gong Yang Song and Cindy Song engaged in civil conspiracies together.

147.    The unlawful acts and/or lawful acts by unlawful purposes which the Song Defendants have engaged in are described in Paragraph 68, above, and, further, by lying to the police as described in Paragraph 36-38, above.

148.    Plaintiff was injured as a result of Defendants Gong Yang Song's and Cindy Song's civil conspiracies.

149.    Defendants Gong Yang Song and Cindy Song are therefore liable for committing civil conspiracies towards Plaintiff.

WHEREFORE, Plaintiff demands that Defendants Gong Yang Song and Cindy Song, individually and as husband and wife, be held responsible and liable to Plaintiff for actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, and such other relief as the court deems proper.

## COUNT 14: PENNSYLVANIA LANDLORD-TENANT ACT ("LTA")

## and BREACH OF THE IMPLIED WARRANTY OF HABITABILITY

## vs. ALL DEFENDANTS

150.    The above paragraphs are incorporated by reference as if fully set forth herein.

151.    Plaintiff was housed as a tenant of the Dormitory, and Defendants were the landlords and/or managers of the Dormitory.

152.    Plaintiff had a month-to-month oral lease with Defendants, such that Plaintiff could reside in the Dormitory while she worked at Fusion Buffet. No security deposit was required from Plaintiff.

153.    Plaintiff's rent for living in the Dormitory was factored into, and deducted from, her wages, which was lower than if she had lived independently and negotiated a higher wage.

154.    Plaintiff's room in the Dormitory, as well as the Dormitory as a whole, was unfit for habitation, as security and monitoring against intruders and criminals was sorely lacking in the overcrowded house for 11 employees, and Plaintiff was constructively evicted from her room by the evil acts of Defendant Gong Yang Song, who was also acting as the agent for the other Defendants.

155.    Plaintiff's constructive eviction also violated the oral, month-to-month lease with Defendants, and consequently the Pennsylvania LTA

156.    Plaintiff was injured as a result of Defendants' breach of the implied warranty of habitability and violation of the Pennsylvania LTA, and all Defendants are therefore liable for such breach and violation against Plaintiff.

WHEREFORE, Plaintiff demands that Defendants Gong Yang Song and Cindy Song, individually and as husband and wife, and Zhan Hao Guo, Kevin Guo, and Fusion Buffet, jointly

and severally, be held responsible and liable to Plaintiff for actual damages for an amount in
excess of $75,000, punitive and treble damages, reasonable attorney's fees and costs to be
determined at trial, and such other relief as the court deems proper.

## COUNT 15: PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL) vs. ALL DEFENDANTS

157.    The above paragraphs are incorporated by reference as if fully set forth herein.

158.    Violations of the Pennsylvania LTA and the implied warranty of habitability also
constitute violations of the Pennsylvania UTPCPL.

159.    Defendants Gong Yang Song and Cindy Song further violated the UTPCPL in holding
Plaintiff's United States mail hostage, and threatening to destroy Plaintiff's credit after she was
sexually assaulted, in attempting to prevent Plaintiff from seeking redress for their illegal acts
relating to, among other claims, the LTA and implied warranty of habitability.

160.    Such violations are negligent, reckless, willful, wanton, intentional, and/or malicious.

161.    Plaintiff was injured as a result of Defendants' violations of the UTPCPL, and
Defendants are therefore liable for violating the UTPCPL.

WHEREFORE, Plaintiff demands that Defendants Gong Yang Song and Cindy Song,
individually and as husband and wife, and Zhan Hao Guo, Kevin Guo, and Fusion Buffet, jointly
and severally, be held responsible and liable to Plaintiff for actual damages for an amount in
excess of $75,000, treble damages, reasonable attorney's fees and costs to be determined at trial,
and such other relief as the court deems proper.

## COUNT 16: PIERCING THE CORPORATE VEIL

## vs. DEFENDANTS GONG YANG SONG, CINDY SONG, and KEVIN GUO

162.    The above paragraphs are incorporated by reference as if fully set forth herein.

163.    Defendants Gong Yang Song, Cindy Song, as husband and wife, and Kevin Guo (hereinafter "LLC Member Defendants"), are also personally, and jointly and severally, liable for any and all liability incurred by Defendant Fusion Buffet, LLC (hereinafter "LLC").

164.    The LLC Member Defendants are the controlling members of the LLC, answerable to no one else except themselves, and wholly own the LLC through their membership interests.

165.    Fusion Buffet is grossly undercapitalized, in that all net profits have not been invested or retained by the LLC, but have been almost wholly distributed to the LLC Member Defendants; the LLC has been operating at a loss; and, the LLC could not survive without resorting to two (2) Paycheck Protection Program (PPP) loans.

166.    The LLC Member Defendants have not observed corporate formalities, and have instead co-mingled their individual financial interests with Fusion Buffet, have used Fusion Buffet property as their own, and have barely created and not maintained formal company records.

167.    Defendants have further intermingled their personal interests in avoiding criminal and civil prosecution by intimidating and victimizing Plaintiff following her sexual assault at the hands of Defendant Gong Yang Song, in order to protect the LLC's business.

168.    The LLC has been used to perpetuate the crimes, wrongs, acts, and omissions as detailed above against Plaintiff.

169.    Plaintiff is an involuntary creditor against the LLC and the LLC Member Defendants, due to the injuries and damages she has suffered at their hands.

170.    The LLC consists of a single restaurant business, in a leased location, with grossly insufficient assets to satisfy any reasonable judgment against it.

171.    In this case, to uphold the LLC's limited liability will justify wrong, protect fraud, and defend crime, and obstruct Plaintiff's reasonable recovery for the evils and damages she has suffered at Defendants' hands.

172.    Veil piercing is therefore appropriate in this case against the LLC Member Defendants.

WHEREFORE, Plaintiff demands that Defendant Fusion Buffet, LLC's corporate veil be pierced, and Defendants Gong Yang Song and Cindy Song, individually and as husband and wife, and Kevin Guo, jointly and severally, be held personally responsible and liable to Plaintiff for all of the following liability which may be found against the LLC: actual damages for an amount in excess of $75,000, punitive damages, reasonable attorney's fees and costs to be determined at trial, , and such other relief as the court deems proper.

## JURY TRIAL DEMAND

173.    A jury trial is demanded for this case.

## JURY TRIAL DEMANDED

Respectfully Submitted,

*/s/ Jesse Chen, Esq.*
JESSE CHEN, ESQ.
COUNSEL FOR PLAINTIFF "Q.C."
322 NORTH SHORE DR.
BLDG. 1B, STE. 200
PITTSBURGH, PA 15212
(412) 848-8853, CHEN@CHENESQ.COM
Pa. Atty. ID No. 309662