IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

Q.C.,

    Plaintiff,                                       Case No. 3:21-cv-204-SLH

    v.

GONG YANG SONG, Husband, and
CINDY SONG, Wife; ZHAN HAO GUO,
KEVIN GUO, and FUSION BUFFET, LLC,

    Defendants.

CONSENT MOTION TO ENTER JUDGMENT PURSUANT TO Fed.R.Civ.P. 54(b)-(c)

NOW COMES Plaintiff "Q.C.", by and through her counsel of record Jesse Chen, Esq., who, with the consent of Defendants Gong Yang Song, Husband, and Cindy Song, Wife; Zhan Hao Guo, and Fusion Buffet, LLC, by and through their counsel of record Gregory Teufel, Esq., files this Consent Motion to Enter Judgment Pursuant to Fed.R.Civ.P. 54(b)-(c), moves the Court to enter the attached Consent Judgment against said Defendants, and avers as follows:

1. The above-stated Parties to this case have comprehensively settled all of Plaintiffs' claims through the execution of a Settlement Agreement, attached herewith as Exhibit 1.

2. The Settlement Agreement is the product of extensive, counseled, and mutual negotiations between the Parties, and has been entered into consensually and voluntarily in order to establish and resolve any and all claims between the Parties.

3. The Settlement Agreement represents a final, fair, and just disposition of this case, as Plaintiff is receiving, and will receive, compensation which Plaintiff believes is fair and adequate for her claims, Id. at Recitals, ¶ 1(a), and strict terms which protect Plaintiff's ability to enforce the settlement. Id. at ¶¶ 2, 4-6, 11-12, 17.

4. Concurrently, Defendants are provided with terms, a means and schedule of settlement payments which protects Defendants' interests, and grants them a reasonable and workable

ability to make such payments, Id. at ¶¶ 1(a), 2(b), 3(a), (d)-(e), 7, 20, in exchange for the complete discharge of all liability upon full payment of the settlement sum to Plaintiff. Id. at ¶ 3.

5.      The Settlement Agreement contemplates the entry of the proposed Consent Judgment, attached herein as Exhibit 2, which enacts the Parties' mutual contemplation of a fair and just resolution of this case.

6.      Although the Settlement Agreement does not directly include Defendant Kevin Guo as a party, the Parties' settlement intends, and does, release any and all of Plaintiff's claims, "whether known or unknown", "against any other person or entity" concerning this case, Id. at ¶ 3(c)-(d), and Plaintiff does not intend to, and will not, further prosecute her case against Defendant Kevin Guo, who has not been served, has not responded to this case, and has not pursued any other claim in any other jurisdiction against any of the Parties, to the best knowledge and belief of the Parties. Therefore, the entry of the Consent Judgment will not prejudice Defendant Kevin Guo.

7.      The Court is empowered by Fed.R.Civ.P. 54(b) to enter "a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Id.

8.      Plaintiff is also entitled to the entry of the Consent Judgment pursuant to Fed.R.Civ.P. 54(c), as Plaintiff and Defendants Gong Yang Song, Husband, and Cindy Song, Wife; Zhan Hao Guo, and Fusion Buffet, LLC have agreed to the same.

9.      The Parties waive entry of findings of fact and conclusions of law under Fed.R.Civ.P. 52, as such entry is unnecessary in light of the Parties' executed Settlement Agreement.

10.     Therefore, in the present case, there is no just reason for delay in the entry of the Consent Judgment as to Defendants Gong Yang Song, Husband, and Cindy Song, Wife; Zhan Hao Guo,

and Fusion Buffet, LLC, as this is what the Parties have negotiated and agreed to, and will not prejudice Defendant Kevin Guo.

11. The Parties request that the Court retain jurisdiction over this matter for the purpose of enforcing the Consent Judgment.

WHEREFORE, Plaintiff "Q.C.", with the consent of Defendants Gong Yang Song, Husband, and Cindy Song, Wife; Zhan Hao Guo, and Fusion Buffet, LLC, moves the Court to enter the attached Consent Judgment pursuant to Fed.R.Civ.P. 54(b)-(c) against said Defendants, and grant such other relief as the Court may find just and proper.

(Remainder of this page blank.)

**JURY TRIAL DEMANDED**  Respectfully Submitted,

/s/ Jesse Chen, Esq.
JESSE CHEN, ESQ.
COUNSEL FOR PLAINTIFF "Q.C."
322 NORTH SHORE DR.
BLDG. 1B, STE. 200
PITTSBURGH, PA 15212
(412) 848-8853, CHEN@CHENESQ.COM
Pa. Atty. ID No. 309662

Consented to by:

/s/ Gregory Teufel, Esq.
GREGORY TEUFEL, ESQ.
COUNSEL FOR DEFENDANTS
GONG YANG SONG, CINDY SONG,
ZHAN HAO GUO, AND FUSION BUFFET, LLC
c/o OGC LAW, LLC
1575 MCFARLAND RD., STE. 201
PITTSBURGH, PA 15216
(412) 253-4622, GTEUFEL@OGCLAW.NET
Pa. Atty. ID No. 73062

## Certificate of Service

The undersigned hereby certifies that on 12/05/2022, a copy of this CONSENT MOTION TO ENTER JUDGMENT PURSUANT TO Fed.R.Civ.P. 54(b)-(c) has been served upon Counsel for Defendants Gong Yang Song, Cindy Song, Zhan Hao Guo, and Fusion Buffet, LLC, by email to gteufel@ogclaw.net via the court's ECF system.

/s/ Jesse Chen, Esq.
JESSE CHEN, ESQ.
COUNSEL FOR PLAINTIFF "Q.C."